# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NUMBER 6:13-CR-114-RC |
| | § | |
| TRAVIS LEE STORY (11) | § | |

## REPORT AND RECOMMENDATION ON PETITION FOR
## WARRANT FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender under Supervision" filed October 19, 2017, alleging that the defendant, Travis Lee Story, violated his conditions of supervised release. This matter is referred to the undersigned United States Magistrate Judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n. 1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(1) and Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I.     The Original Conviction and Sentence

Defendant was sentenced on September 16, 2014, by United States District Judge Leonard Davis, after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of IV, was 37 to 46 months. Judge Davis departed from the advisory guideline range due to a binding plea agreement and sentenced Defendant to 36 months of imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare and mental health treatment.

1

## II. The Period of Supervision

On May 26, 2016, Defendant completed his period of imprisonment and began service of the term of supervised release. The case was reassigned to Judge Michael H. Schneider on April 2, 2015. On July 1, 2016, Defendant's supervised release conditions were modified to include 120 days in a residential reentry center or similar facility. The case was then reassigned to Chief Judge Ron Clark on September 21, 2016.

## III. The Petition

United States Probation Officer Laura Palafox filed the Petition for Warrant for Offender Under Supervision raising seven allegations. The petition alleges that Defendant violated the following conditions of release:

> Allegation 1. The defendant shall not commit another federal, state, or local crime. Here, it is alleged that on September 22, 2016, Mr. Story was convicted of Driving While Intoxicated BAD >=0.15 and that Mr. Story was sentenced to 120 days of confinement.
>
> Allegation 2. The defendant shall not leave the judicial district without permission of the Court or probation officer. Here, it is alleged that on or about September 8, 2017, Mr. Story traveled to Dallas, Texas, leaving the judicial district without permission of the Court or the probation officer.
>
> Allegation 3. The defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month. Here, it is alleged that Mr. Story failed to submit a monthly report for the months of April 2017, May 2017, July 2017 and September 2017.
>
> Allegation 4. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons. Here, it is alleged that on August 25, 2017, Mr. Story quit his job and has not been employed since that date.
>
> Allegation 5. The defendant shall notify the probation officer ten days prior to any change of residence or employment. Here, it is alleged that on August 25, 2017, Mr. Story quit his job and failed to notify the probation officer 10 days prior to his change of employment. On or about September 8, 2017, Mr. Story was not residing at his reported address and failed to notify his probation officer 10 days prior to his change in residence.

Allegation 6. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Here, it is alleged that on October 18, 2017, Mr. Story submitted a urine specimen which tested positive for methamphetamine and marijuana. Lab results are pending. On October 18, 2017, Mr. Story submitted a urine specimen which tested positive for MDMA. Lab results are pending.

Allegation 7. The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. Here, it is alleged that on June 4, 2016, August 5, 2017, August 9, 2016, April 5, 2017, June 12, 2017, June 29, 2017, July 11, 2017, July 24, 2017, August 28, 2017, September 11, 2017 and September 26, 2017, Mr. Story failed to submit a drug test as directed.

## IV. Proceedings

On November 20, 2017, the undersigned convened a hearing pursuant to FED. R. CRIM. P. 32.1 to hear evidence and arguments on whether the Defendant violated his conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement had been reached as to a recommended disposition regarding the petition. The Defendant agreed to plead "true" to the portion of Allegation 6 in the petition that alleges use and thereby possession of methamphetamine on October 18, 2017. In addition, the parties agreed that the Defendant should be sentenced to a term of imprisonment of 14 months with no further supervised release.

## V. Applicable Law

According to 18 U.S.C. § 3583(e)(3), a court may revoke a term of supervised release and require a defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a

preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than 3 years if such offense is a Class B felony, more than 2 years if such offense is a Class C or D felony, or more than 1 year in any other case. The original offense of conviction here was a Class C felony; therefore, the maximum sentence is 2 years of imprisonment.

Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). Pursuant to 18 U.S.C. § 3583(g), the Court also shall revoke the term of supervised release if Defendant possessed a controlled substance in violation of his conditions. Evidence of drug use is sufficient to support a finding of possession of a controlled substance within the meaning of 18 U.S.C. § 3583(g). *See U.S. v. Smith*, 978 F.2d 181 (5th Cir. 1992).

According to U.S.S.G. § 7B1.1(a),[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervision as alleged in Allegation 6 of the petition, the Defendant will be guilty of committing a Grade B violation. With Defendant's original criminal history category of IV, the applicable guideline range for a Grade B violation is 12 to 18 months of imprisonment.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least 1 month but not more than 6 months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or

---

[1] All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *see also United States v. Price*, 519 Fed.Appx. 560, 562 (11th Cir. 2013).

home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term. According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than 6 months but not more than 10 months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

U.S.S.G. § 7B1.3(c)(3) indicates in the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or a less restrictive sanction is not recommended. According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.

The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b). Any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h); U.S.S.G. § 7B1.3(g)(2).

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstances of the offense and the history and characteristics of the defendant. (18 U.S.C. § 3553(a)(1))

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. (18 U.S.C. § 3553(a)(2)(B)–(D))

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced. (18 U.S.C. § 3553(a)(4) and 28 U.S.C. § 994(a)(3))

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced. (18 U.S.C. § 3553(a)(5))

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. (18 U.S.C. § 3553(a)(6))

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Analysis

The Defendant pled "true" to the portion of Allegation 6 in the petition that alleges that he violated a standard condition of release by using and thereby possessing methamphetamine. Based upon the Defendant's plea of "true" to this allegation in the Petition for Warrant or Summons for

6

Offender under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of his supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade B violation, and his criminal history category is IV. The policy statement range in the Guidelines Manual, read together with the applicable statutory maximum sentence, is 12 to 18 months of imprisonment. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision. Consequently, incarceration appropriately addresses the Defendant's violations. The sentencing objectives of punishment, deterrence and rehabilitation, together with the aforementioned statutory sentencing factors, will best be served by a prison sentence of 14 months with no further supervised release.

## VII. Recommendation

It is recommended that the Court find that the Defendant violated a standard condition of release by using and thereby possessing methamphetamine. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.

The Defendant should be sentenced to a term of 14 months of imprisonment with no further supervised release. Defendant's time in federal custody started on November 3, 2017. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. The Defendant requested to serve his prison term at the Federal Correctional Institution in Bastrop, Texas, to facilitate family visitation and educational rehabilitative opportunities. Alternatively, Defendant requested placement in Seagoville, Texas, to facilitate family visitation. The Defendant's request should be accommodated, if possible.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights on the record and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is, therefore, recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be imprisoned for a period of 14 months, followed by no further supervised release.

So ORDERED and SIGNED this 20th day of November, 2017.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE